IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-02433- LTB-MEH

DAVID ROBERTS,
   Plaintiff,

v.

CITY OF STEAMBOAT SPRINGS FIRE DEPARTMENT, a Colorado municipal entity, and ROBERT STRUBLE, Fire Chief, in his individual capacity,
   Defendants.

## PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(C)

Pursuant to F.R.C.P. 26(c), and agreement of the parties,

IT IS ORDERED THAT:

    1.    The parties have disclosed documents which necessitate the use of a protective order because they concern private personnel and medical matters that are confidential.  All documents subject to this Protective Order will contain a notation which reads "Subject to Protective Order."

    2.    The parties will make available to the other parties documents subject to this Order.  The parties agree that the material will not be disseminated beyond the attorneys, parties, members of the attorneys' staff, or expert witnesses, in the absence of a stipulation among the parties or order of this Court.  The attorneys for all parties hereby agree to advise their staff, clients and expert witnesses of the terms of the Protective Order.

    3.    To the extent any documents produced under this Protective Order are filed with the Court, the filing party must follow the procedures set forth in D.C.COLO.LCivR 7.3.

4. Upon termination of this litigation, all copies of the documents produced by the parties under this Protective Order shall be returned promptly to the producing party or destroyed.

5. All working papers or other documents in the possession, custody or control the parties' counsel relating to the information derived from documents covered by the Protective Order shall be promptly destroyed or sealed and kept confidential by each party's counsel.

6. Nothing contained in this Protective Order shall be deemed to imply that any of the documents produced are relevant to the issues involved in this case, nor that they are not subject to some other objection or privilege.

7. To the extent that these materials are the subject of a deposition in this case, any documents made an exhibit and the portion of the deposition in which the matter is discussed shall be sealed and shall carry the notation "Confidential. This document is subject to protective order and may not be examined or copied except in compliance with such order." If any deposition testimony should be subject to the protective order it can be designated as such on the record during the deposition or within 30 days of the receipt of the deposition transcript.

8. The parties agree that dissemination of these documents are limited by the terms of this Protective Order.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "confidential" to file an appropriate motion

requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is filed within 20 business days of the notice, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

10. The Court retains the right to alter, amend, or otherwise change this Protective Order.  This Order shall remain in effect until further notice by the Court.

This Protective Order is hereby executed and made an Order of this Court this 14th day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

-4-

**STIPULATED AND AGREED TO BY:**

ELIZABETH LAMB KEARNEY, P.C.

 s/ Elizabeth Lamb Kearney
Elizabeth Lamb Kearney, Esq.
P.O. Box 386
549 Fourth Street
Berthoud, CO  80513


NATHAN, BREMER, DUMM & MYERS P.C.

 s/ Marni Nathan Kloster
Marni Nathan Kloster, Esq.
3900 E. Mexico Ave.
Suite 1000
Denver, CO  80206


BERG, HILL, GREENLEAF & RUSCITTI, LLP

 s/ Joshua Marks
Joshua Marks, Esq.
1712 Pearl Street
Boulder, CO 80302